IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH K. GORE,

    Petitioner,                    No. CIV S-08-448 JAM KJM P

    vs.

E.K. McDANIALS, et al.,

    Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus challenging his Yuba County convictions for burglary, robbery, rape in concert, and penetration with a foreign object and the resulting sentence of two hundred eighty-three years to life. Petitioner raises five claims: (1) he was denied his right to confront and cross-examine witness Teresa Oliver about promises made to secure her testimony; (2) his rights were violated when witness Michael Coe told the jury petitioner had been in prison; (3) the trial court erred in failing to instruct on accomplice corroboration; (4) trial counsel was ineffective for failing to correct perjured testimony, in failing to call as witnesses Ashley Young and Teresa Powers, and in failing effectively to cross-examine Rusty Padgett and Teresa Oliver; and (5) the prosecutor committed misconduct in failing to correct the perjured testimony from Rusty Padgett and Teresa Oliver and in stating his personal beliefs in closing argument.

1       Respondent argues the petition contains both exhausted and unexhausted claims
2 and so should be dismissed.  He argues that issues four and five as they relate to witness Teresa
3 Oliver and the second part of issue 5 (improper closing argument) in their current posture have
4 not been fairly presented to the California Supreme Court.  He relies on the fact that in
5 petitioner's state habeas proceedings, petitioner's claim of prosecutorial misconduct was limited
6 to the failure to correct Padgett's perjury and on the fact that petitioner has supported his
7 ineffective assistance of counsel and prosecutorial misconduct claims as to Teresa Oliver with
8 the videotape of Oliver's testimony the court directed respondent to provide and with Exhibits E,
9 F, G, H and I, which were not presented to the state courts.  Motion to Dismiss (MTD) at 5-7.
10 Respondent also argues that the tape of Oliver's statement was not introduced at trial and so was
11 not part of the state record on appeal and that petitioner has not made the necessary showing to
12 expand the record under Rule 7 of the Rules Governing Habeas Corpus Proceedings.

A. <u>The State And Federal Petitions Compared</u>

      In the petition presented to the California Supreme Court, petitioner argued that counsel had been ineffective in several respects.  In ground nine of the state petition, petitioner claimed:

> Defence counsel had and has in this posision letters written by the prosecutors star witnesses both Teresa Oliver and Mike Coe written long before there testimony at trial.  T. Oliver stating that defendant Gore was home with Oliver the night of the crime accused of and was present when Coe and his friends came in and ast if they could leave some stuff . . . , yet counsel never brought the physical evidence to trial when Oliver testified that Coe and Gore were in and out that night. . . . . Counsel failed to raise the issue that . . . Oliver . . . had stated something different in . . . her own writing before they were offered deals.  Jury should have been given the oppertunity to see these letters to obstablish the cridibility of witnesses.

Lodged Document (Lodg. Doc.) 5, Ground Nine (reproduced as in original).

/////

/////

1   In this action, petitioner presents his claims of counsel's ineffectiveness in ground
2 four. He alleges that he asked counsel to question Oliver and to offer the letters she had written
3 to Gore, which suggested he was not involved in the crimes; typed copies of excerpts of these
4 letters are attached as a portion of Exhibit F. Pet. (Docket No. 3) at 143.[1] Petitioner also
5 suggests that counsel should have questioned Oliver about her possession of a sum of cash while
6 she was in the jail and a detective's assurance that he would help Oliver claim the money after
7 she went to prison. Id. at 39 & Exs. F (incident report) & G (Oliver letter). Petitioner did ask the
8 court to order respondent to provide a copy of the video of Oliver's interview, which he claimed
9 was relevant to arguments four and five of the petition. See Docket No. 5 at 1-2. Nevertheless,
10 he has not raised counsel's alleged failure to present the Oliver interview to the jury as part of his
11 claim of ineffective assistance of counsel raised in this petition.

12   Petitioner also raised prosecutorial misconduct in his state supreme court petition.
13 He contended the prosecutor was aware that witness Padgett had told investigators that Gore was
14 not involved in the crimes, but put Padgett on the stand and elicited testimony that Gore admitted
15 to the crime. Lodg. Doc. 5, Ground 8. In addition, he argued that during summation, the
16 prosecutor improperly argued that Gore had not lowered his pants entirely so the victim would
17 not see the tattoo on his thigh, which was his personal belief and not based on the evidence at
18 trial. Petitioner also claimed the prosecutor urged the jurors to put themselves in the victim's
19 place. Id.

20   In the federal petition, petitioner's claim of prosecutorial misconduct includes the
21 alleged failure to correct Padgett's perjury, but not an alleged failure to correct Oliver's false
22 testimony that she received no benefits for her cooperation. Docket No. 3 at 46. He also argues
23 that during summation, the prosecutor argued that petitioner purposely hid his tattoo during the
24 /////

25

26   [1] Page references are to those assigned by the court's CM/ECF system.

rape, even though there was no evidence supporting this. Id. at 55-56 & Ex. I (pictures of the tattoo).

In support of the instant action, petitioner notes he was tried twice; the first jury was unable to reach a verdict. Petitioner has provided notes from the first jury as Exhibit H, though he did not attach them to his state habeas petition.

B. Analysis

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court.

> There are three elements to the fair presentation requirement: A petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim.

Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005). Respondent does not challenge petitioner's presentation of his legal claims, but argues that the additional factual material presented to this court renders portions of his petition unexhausted.

In Vasquez v. Hillery, 474 U.S. 254 (1986), the prisoner alleged that African-Americans had been excluded from the Kings County grand jury that had indicted him. The district court directed the state to provide additional information concerning the portion of the African-American population eligible for grand jury service at the time petitioner was indicted. It also solicited the parties' statistical analyses to assist in the determination whether the exclusion was accidental. Id. at 257. The warden contended that this additional material, which had not been presented to the state courts, rendered the claim unexhausted.

4

The Supreme Court rejected the claim.  First, it found that several affidavits challenged as new supported Hillery's claim that no blacks had ever served on the grand jury even though there were qualified African-Americans in the county, a claim accepted as fact by the California Supreme Court.  It therefore concluded that "the additional affidavits introduced no claim upon which the state courts had not passed." Id. at 259.  The Court also found that the statistical analyses did not render the claim wholly different, for they "added nothing to the case that this Court has not considered intrinsic to the consideration of any grand jury discrimination claim." Id.  The Court concluded:

> [T]he circumstances present no occasion for the Court to consider a case in which the prisoner has attempted to expedite federal review by deliberately withholding essential facts from the state courts.  We hold merely that the supplemental evidence. . . did not fundamentally alter the legal claim already considered by the state courts. . . .

Id. at 260.

The Ninth Circuit has developed several formulations of the Hillery standard.  In Aiken v. Spalding, the court considered whether an affidavit from an expert who conducted a decibel level test on the tape of petitioner's statement to the police rendered a challenge to the confession unexhausted because it had not been presented to the state court.  The Ninth Circuit found that it had: the "affidavit substantially improves the evidentiary basis for Aiken's . . . arguments, thereby presenting the very type of evidence which the state should consider in the first instance."  841 F.2d 881, 883 (9th Cir. 1988).

In Weaver v. Thompson, 197 F.3d 359 (9th Cir. 1999), petitioner raised a claim of bailiff misconduct, based on the belief that the bailiff told the jury it could not adjourn without reaching a verdict.  The evidence developed at the federal evidentiary hearing showed that the bailiff told the jury it could adjourn for the evening, but was required to reach a verdict

/////

/////

on all counts. Id. at 364.  The Ninth Circuit rejected the state's argument that this new evidence rendered the claim unexhausted:

> "[N]ew factual allegations do not render a claim unexhausted unless they fundamentally alter the legal claim already considered by the state courts.  The facts adduced at the evidentiary hearing did not fundamentally alter Weaver's claim.  The factual basis for the claim remained rooted in the same incident: the bailiff's contact with the jury after it sent out its note. . . .  The legal basis for Weaver's claim, moreover, remained unchanged.  Whether the bailiff's instruction was coercive because it required the jury to continue deliberating, as originally believed, or because it required a verdict on all counts, as the district court found, the underlying claim of improper jury coercion remains the same.

Id. (internal citation, quotation omitted).  There are limits to this doctrine:

> [W]e have held that, so long as the petitioner presented the factual and legal basis for his claims to the state courts, review in habeas proceedings is not barred.  This does not mean, however, that a petitioner who presented any ineffective assistance of counsel claim below can later add unrelated alleged instances of counsel's ineffectiveness to his claim.  Rather, this rule allows a petitioner who presented a particular claim, for example that counsel was ineffective in presenting humanizing testimony at sentencing, to develop additional facts supporting that particular claim.

Moormann v. Schriro, 426 F.3d 1044, 1056 (9th Cir. 2005).

Other circuits have recognized that the required inquiry is fact-specific and requires the court to determine whether a petitioner has presented only "bits" of new evidence to the federal court or evidence that places the claims in such a significantly different posture so that it must first be presented to the state court.  Anderson v. Johnson, 338 F.3d 382, 386-87 (5th Cir. 2003); see also Brinson v. Vaughn, 398 F.3d 225, 231 (3d Cir. 2005) (no exhaustion problem

/////
/////
/////
/////
/////
/////

when tape "merely confirmed the factual predicate" of the claim without changing its legal basis). As the Seventh Circuit has observed:

> A petitioner may reformulate his claims somewhat, so long as the substance of his argument remains the same. . . . [M]ere variations in the same claim rather than a different legal theory will not preclude exhaustion. However, a petitioner's reformulation of his claim should not place the claim in a significantly different legal posture by making the claim stronger or more substantial.

Boyko v. Parke, 259 F.3d 781, 788 (7th Cir. 2001) (internal citations, quotations omitted).

### 1. Ground Four As It Relates To Oliver

Respondent argues that petitioner's request to expand the record with Oliver's statement, whether in the form of transcript or videotape, renders his attack on counsel's failure to use these documents unexhausted. MTD at 5-6.[2] Although counsel's alleged failure to use the documents formed part of petitioner's state claim of ineffective assistance of counsel, he has not repeated this claim in his federal petition. Instead, he refers to Oliver's statement in connection with ground three, in which he claims his right to confront and cross-examine Oliver was abridged when counsel was denied the ability to question Oliver about any promises made to her. Docket No. 3 at 19. Accordingly, to the extent respondent claims these materials serve to render ground four unexhausted, the argument is not well-taken as this claim is not included among petitioner's grounds for relief.

Respondent also points to Oliver's letters and the incident report, included in Exhibits F and G, as rendering ground four unexhausted. MTD at 7. However, in his state habeas petition, petitioner described the contents of several of Oliver's letters. See Lodg. Doc. 5, Ground 9. The letters themselves do not fundamentally alter petitioner's claim but rather "confirm[] what he has been asserting all along." Anderson, 338 F.3d at 388 (when state petition

/////

---

[2] Although petitioner claims to have attached the transcript as Exhibit E, the court's copy of the petition does not include this exhibit.

stated that witness Gray would have said petitioner was not the shooter, attaching Gray's affidavit to the federal petition did not render the claim unexhausted).

While in his state action petitioner did not mention Oliver's letter suggesting detectives were going to assist her in reclaiming money seized at booking, the letter's inclusion here, along with the report about the seizure, does not render this claim unexhausted. The gravamen of petitioner's argument is that counsel failed to impeach Oliver with available materials. That he provided an additional example of counsel's failure does not substantially or fundamentally alter this claim. See Moormann, 426 F.3d at 1055.

Finally, respondent argues that the first jury's notes documenting its inability to reach a verdict, attached as Exhibit H, constitute "new factual allegations" and "relate to Claims 4 and 5 as a whole." MTD at 7. To the contrary, the fact that the first jury was unable to reach a verdict was part of the record before the California courts and was mentioned by petitioner in his habeas petition. See Lodg. Doc. 1 at 5 (Petition for Review; refers to the jury notes as part of the Clerk's Transcript); Lodg. Doc. 5, Ground 5. As the Seventh Circuit has observed, when a particular document was part of the trial record and was mentioned in the state court proceedings even though it was not attached to a state petition, attaching that document to the federal habeas petition does not alter the claim. Armstrong v. Young, 34 F.3d 421, 425-26 (7th Cir. 1994).

2. Ground Five As It Relates To Oliver

Respondent relies on the transcript and tape of Oliver's interview to argue that this portion of ground five is not exhausted. What renders this claim unexhausted is not the exhibits, however, but the more prosaic fact that petitioner did not name Oliver at all in his state court challenge to the prosecutor's failure to correct perjured testimony; his argument focused only on Padgett. Lodg. Doc. 5, Ground 8. This portion of claim five is therefore unexhausted, for the inclusion of the allegations about Oliver substantially changes the nature of the claim. Demarest v. Price, 130 F.3d 922, 936 (10th Cir. 1997) (claim that counsel was ineffective for

/////

failing to interview named witnesses not exhausted when federal petition included declarations from two people not named in state petition).

   3.  <u>Ground 5(b)</u>

According to respondent, petitioner's state court petition did not include a claim based on the prosecutor's allegedly improper closing argument. MTD at 5. This is incorrect, however, for as part of ground eight, petitioner expressly challenges the prosecutor's statements of his own belief, particularly in connection with his description of Gore's attempts to hide his tattoo. Lodg. Doc. 5, Ground 8.

Respondent also suggests that the photographs of the tattoos, attached to the federal petition as part of Exhibit I, change the nature of the claim. These photos bear state court evidence stickers, suggesting they were part of the trial record. Their inclusion in the federal petition does not mean the claim is unexhausted. <u>Armstrong</u>, 34 F.3d at 425-26. Moreover, petitioner describes the prosecutor's argument focusing on the tattoo; as in <u>Anderson</u>, the photographs simply provide a visual for petitioner's description. <u>Anderson</u>, 338 F.3d at 388.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (docket no. 17) be granted as to petitioner's claim that the prosecutor failed to correct witness Oliver's testimony, included in ground five of the petition, but denied in all other respects;

2. To the extent that claim five of the federal petition alleges that the prosecutor failed to correct Oliver's perjured testimony, it be stricken; and

3. Respondent be directed to file an answer to the petition as reformulated within thirty days of any order adopting these finding and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED:  August 21, 2009.

_____
U.S. MAGISTRATE JUDGE

2

gore0448.mtd