# United States District Court
# Eastern District of California

| | |
|---|---|
| JOSEPH K. GORE,<br><br>          Petitioner,<br><br>     v.<br><br>E.K. McDANIALS, *et al.*,<br><br>          Respondents. | CIV S-08-0448 TJH<br><br><br>Order |

On November 24, 2001, two masked, armed men entered a residence and terrorized the four occupants while they burglarized their home. They tied up the three males in the bedroom and took the female into the livingroom, where she was raped three times. The rape victim testified at trial that she was raped by both men, while the police officers, who were present on the scene, testified that the victim told them only the taller man raped her while the shorter man was walking in and out of the room. Subsequently, Petitioner and his nephew were charged with identical counts of burglary, robbery, rape in concert, penetration with a foreign object in concert, and vehicle theft.

In 2003, Petitioner was found guilty on all counts. The trial court sentenced defendant to a determinate term of forty years and an indeterminate term of 283 years to life. Petitioner filed a writ of *habeas corpus* in California state court. His petition was denied. He, then, filed a petition in this Court.

Petitioner seeks a writ of habeas corpus claiming: (1) The trial court violated the confrontation clause by not allowing cross-examination of a witness; (2) He was denied a fair trial because a witness revealed Petitioner's criminal history; (3) Jury instructions were improper; (4) He was denied effective assistance of counsel at trial; and (5) The prosecutor made improper remarks at trial and failed to correct perjured testimony.

The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), provides that a federal court may grant *habeas* relief if a state court adjudication resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner contends that the court's sustaining of an objection during a witness's cross-examination was a violation of the confrontation clause. Petitioner's ex-girlfriend testified at the trial. Her testimony placed Petitioner and his nephew together on the night of the robbery. Petitioner claims that the trial court refused to allow him to cross-examine her regarding a deal she made in exchange for her testimony against him.

However, Petitioner misinterprets the record. The following is the objection that Petitioner challenges:

Defense Counsel: "So as a result of your cooperation with the police you got a six-month violation; is that correct?"

Witness: "No. Actually I was ... ."

Prosecutor: "Okay. Objection."

The Court: "Sustained."

Petitioner was not prohibited from cross-examining her. When asked if she was given a deal, she answered, "No". Prosecution did not object to the answer, but to the narrative that she began to give following the answer. The court gave no indication that Petitioner's counsel could not ask any further question. Additionally, Petitioner's counsel was able to explore this line of questioning when cross-examining a detective.

Petitioner contends he was denied a fair trial because the trial court denied a motion for mistrial after a witness revealed Petitioner's criminal history. Criminal defendants have a due process right to be tried by a panel of impartial, indifferent jurors. *Irvin v. Dowd,* 366 U.S. 717, 723, 81 S. Ct. 1639, 1643, 6 L. Ed. 2d 751, 756 (1961). However, *habeas* relief may only be granted when a trial error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 627, 113 S. Ct. 1710, 1716, 123 L. Ed. 2d 353, 365-66 (1993).

Petitioner claims that his right to a fair trial was violated when his accomplice testified on cross-examination that he had run into Petitioner in prison in the past. Accomplice's remark was an error. It violated the court's order to preclude any testimony about Petitioner's prior felony convictions. However, the error was cured by admonition and jury instructions. The court immediately admonished the jury to disregard the remark. Additionally, a jury instruction told the jury to treat the remark as though it was never made. Under these circumstances, accomplice's remark did not have a substantial and injurious effect on the verdict as required by *Brecht*, 507 U.S. at 627, 113 S. Ct. at 1716, 123 L. Ed. 2d at 365-66.

Petitioner contends that a jury instruction, CALJIC 3.12, did not correctly embody California law. Generally, claims of error in state jury instructions are a matter of state law and invoke no constitutional question unless they amount to a deprivation of due process. *Estelle v. McGuire*, 502 U.S. 62, 73, 112 S. Ct. 475, 483, 116 L. Ed. 2d 385, 399-400 (1991). To prevail, a petitioner must show that instructional error so infected the trial that the resulting conviction violated due process. *Cupp v. Naughten*, 414 U.S. 141, 146-47, 94 S. Ct. 396, 400, 38 L. Ed. 2d 368, 373 (1973).

Petitioner claims that the trial court's instruction was insufficient because it did not specifically instruct the jury to find corroborating evidence that related to an act or fact that is an element of the offense charged. However, the state courts have denied an almost identical challenge to CALJIC No. 3.12. *People v. Jenkins*, 34 Cal. App. 3d 893, 110 Cal. Rptr. 465 (1973). The court rejected the argument that unless the "element" language is used, the jury can find evidence sufficient even if it only corroborates irrelevant parts of the testimony. *Jenkins*, 34 Cal. App. 3d at 898, 110 Cal. Rptr. at 469. The court held that the test is whether the jury was fully and fairly instructed on the applicable law without a precise language requirement. *Jenkins*, 34 Cal. App. 3d at 898, 110 Cal. Rptr. at 469. Thus, since there was no state law violation, there is no recognizable federal question.

Petitioner contends that he was denied effective assistance of counsel at trial in violation of the Sixth Amendment. The Sixth Amendment guarantees the right to an effective assistance of Counsel. To establish ineffective assistance of counsel, petitioner must show that (1) considering all circumstances, counsel's performance fell below an objective standard of reasonableness, and (2) petitioner was prejudiced by counsel's deficient performance because "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.

*Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674, 678 (1984). Attorney's strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable. *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066, 80 L. Ed. 2d at 695.

Petitioner claims that his counsel was ineffective for five different reasons. First, he claims that counsel failed to call three witnesses: Ashley Young, Teresa Powers and Reverend Perkins. Second, he claims that counsel failed to effectively cross-examine two witnesses: Theresa Oliver and Rusty Padgett. Each claim will be addressed individually.

Petitioner's niece, gave a statement to the defense investigator alleging that she overheard Petitioner's accomplice telling his mother that "he needed to find the girl that he had sex with a sandwich bag"and asking his mother to "take care of it" because he doesn't want to "get pinned for the rape that he did." The victim in this case, also, testified that the man who raped her used a sandwich bag. Although the niece's testimony could have cast doubt on whether Petitioner committed the rape himself, it would not have been effective. Petitioner was charged with rape in concert. This crime includes those who personally engage in the sexual act and those who aid and abet a person in accomplishing it. Thus, it was not relevant which of the two accomplices committed the rape, as long as the victim testified that both were in and out of the room while she was being raped. Petitioner was not prejudiced by the counsel's decision since the new information would not have effected the charges against the Petitioner.

A woman who housed Petitioner after the robbery, gave a statement to the defense investigator alleging that she overheard Petitioner's accomplice telling her daughter that he and "his friends" stole the property and then "brought it to his uncle's house."

California Evidence Code § 1200 provides that any evidence of a statement that was made other than by a witness while testifying at the hearing is inadmissable at trial. Cal. Evid. Code § 1200.  However, the accomplice's statements could be subject to the inconsistent statement exception in California Evidence Code § 1235. This exception allows for evidence of a statement made by a witness if the statement is inconsistent with the witness's testimony at the hearing.  Cal. Evid. Code § 1235. In this case, the accomplice testified at trial that he committed the robbery with his uncle, the Petitioner.  This is inconsistent with what he purportedly said.  However, even if the woman would have testified on trial about these statements, it is not reasonably likely that the outcome of the trial would have been different.  The accomplice could have been referring to Petitioner as one of his "friends," and it is not likely that this statement would have overcome all the other evidence supporting the conclusion that Petitioner was involved in the robbery.  Thus, the decision to avoid calling the woman as a witness was not ineffective assistance.

Petitioner waived the clergy-penitent privilege to allow a minister to speak to the defense investigator describing the conversations he had with Petitioner while he was in custody.  Petitioner allegedly told the minister that he was not a rapist, but since he's been in prison most of his life, he "should just go ahead and take the fall for his nephew."  The information Petitioner gave to the minister lacks credibility. Secondly, had the minister testified, the prosecution would have been able to ask him anything else he discussed with the petitioner, including other crimes he had committed.  Petitioner, therefore, fails to show that counsel was ineffective for deciding not to call the minster as witness.  He, further, fails to show how he was prejudiced as a result of that decision.

In addition to Petitioner's arguments regarding the counsel's alleged failure to call particular witnesses, he, also, claims that his counsel was ineffective for failing

to successfully cross-examine Petitioner's ex-girlfriend and a friend of Petitioner. Petitioner's friend gave a statement to the defense investigator that when he confronted Petitioner about the stolen property that he found in Petitioner's mobile home, Petitioner "did not say anything." At trial, the friend testified that when he asked Petitioner whether he stole the property, Petitioner said, "Yeah I did." Although these testimonies are inconsistent, the counsel had no reason to know which of the statements was the truth. Thus, instead of impeaching the friend, counsel cross-examined him and tried to discredit him for potential bias. Counsel made a strategic choice, which is not challengeable under *Strickland*.

In Petitioner's final ineffective assistance of counsel claim, he argues that his counsel was ineffective for failing to cross-examine Petitioner's ex-girlfriend about letters she wrote to Petitioner. In these letters she wrote that she knows Petitioner "wasn't involved" and wrote to Petitioner that she told his mother that Petitioner, "didn't do it." It was reasonable for counsel not to question the ex-girlfriend about his letters since they consisted of her opinion of Gore's innocence. Even though Petitioner presented the letters, he failed to show that, in light of those letters, the ex-girlfriend would have been able to give credible testimony as to his innocence beyond what she testified to at trial.

Thus, Petitioner fails to show that the counsel's actions were outside the range of appropriate choices that a reasonably competent attorney would have made. Further, none of the allegations amount to prejudice. Because Petitioner has failed to meet his burden under *Strickland,* the state court's denial of his claim was an appropriate application of Supreme Court precedent.

Petitioners, also, contends that he was denied a fair trial because of the prosecutor's misconduct. Prosecutorial misconduct rises to the level of a constitutional violation only when the misconduct "so infected the trial with

unfairness as to make the resulting conviction a denial of due process. *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464, 2471, 91 L. Ed. 2d 144, 157 (1986). In assessing whether a statement by a prosecutor rendered a defendant's trial fundamentally unfair, the reviewing court must view the prosecutor's statements in the context in which they were made. *Greer v. Miller*, 483 U.S. 756, 765-66, 107 S. Ct. 3102, 3109, 97 L. Ed. 2d 618, 630 (1987).

Petitioner claims that prosecutor made remarks during the closing argument speculating that Petitioner held his pants at mid-thigh to hide a tattoo. In fact, he said the following: "Why would those pants only go down to mid thigh? If it were any other person committing that crime, he wouldn't care because he doesn't have a tattoo right there." That statement was made in reliance on other evidence properly in front of the jury and is, thus, a reasonable inference, not speculation.

Additionally, Petitioner claims that the prosecutor did not correct a statement a witness made during his testimony which contradicted a statement that the witness made to the investigator. To prove presentation of false evidence, petitioner must prove the following: (1) The testimony was false; (2) The prosecution knew or should have known that the testimony was false; and (3) The false testimony was material. *United States v. Zuno-Arce*, 339 F.3d 886, 889 (9th Cir. 2003).

During an interview with the defense investigator, Petitioner's friend stated that when he confronted the Petitioner about the stolen items Petitioner did not admit to taking them. At trial, the friend testified that when he asked Petitioner whether he stole the items, petitioner answers "yeah I did". As discussed above, even though the testimonies contradicted each other, prosecutor had no reason to know which one was the truth. Since prosecutor had no reason to believe the witness was testifying falsely at trial he had no duty to correct the testimony.

. . . . . . .

1  In sum, Petitioner fails to establish that the state court adjudication resulted in
2  a decision that was contrary to, or involved an unreasonable application of, clearly
3  established Federal law, or was based on an unreasonable determination of the facts.

5  It is Ordered that the petition for writ of *habeas corpus* be, and hereby is,
6  Denied.

8  Date:   July 6, 2012

_____

Terry J. Hatter, Jr.
Senior United States District Judge